[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband brings this complaint for a dissolution of the marriage of the parties, the defendant wife has cross complained, they each allege and the court finds, that, the parties intermarried on December 26, 1959, at Krakow, Poland. That the defendant's maiden name is Cislo; that the plaintiff has resided continuously in the State of Connecticut for twelve or more months immediately preceding the date of the complaint. That the marriage of the parties has broken down irretrievably; that there are no minor children issue of this marriage nor has a minor child been born to the defendant wife since the date of this marriage; and, neither party has or is receiving financial assistance from the State of Connecticut.
The court further finds that the parties separated in June, 1985 when the defendant wife left the family apartment. The defendant wife alleges that she was locked out of the house. The plaintiff husband claims that she was having an affair with a boyfriend. In any case, she has been living with another man for sometime. Therefore, the court finds that each party is equally at fault for the breakup of the marriage.
Therefore, it is the judgment of the court that the marriage of the parties be and is hereby declared to be dissolved. That each of the parties is declared to be single and unmarried. That the plaintiff husband is to transfer the following personal property to the defendant wife within ten (10) days of this order, the following: one dinner set service of her choice, one wooden "Osty", an air conditioner, one-half of the knives, forks and spoons and a television set.
Further, the plaintiff husband is to make a lump sum payment of $3,000.00 to the defendant wife within ninety (90) days of this order. All other assets of the parties presently in their individual possession is to be that party's asset, all liabilities listed in the parties individual names is to be that party's responsibility for payment.
Judgment may enter accordingly with plaintiff's counsel CT Page 2297 to prepare the judgment file.
JULIUS J. KREMSKI STATE TRIAL REFEREE